# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| David L. Boone, doing business as Craft Plumbers, | Civil No. 07-3922 (DWF/AJB) |
| Plaintiff and Counterclaim Defendant, | |
| v. | **ORDER AND MEMORANDUM** |
| Wells Fargo Bank, N.A., | |
| Defendant and Counterclaimant. | |

---

Bryan R. Battina, Esq., Elizabeth A. Mikesell, Esq., and Michael H. Frasier, Esq., Bock & Battina, LLP, counsel for Plaintiff and Counterclaim Defendant.

Richard T. Thomson, Esq., and Amy L. Schwartz, Esq., Lapp Libra Thomson Stoebner & Pusch, Chartered, counsel for Defendant and Counterclaimant.

---

This matter is before the Court on a request for attorneys fees brought by Wells Fargo Bank, N.A. ("Wells Fargo"). The Court previously granted summary judgment to Wells Fargo upon the claims asserted against it by David L. Boone ("Boone"), as well as upon Wells Fargo's counterclaim against Boone. Wells Fargo now seeks an award of $119,790.59 in attorneys fees and costs. Boone opposes the request.

Based on the record and all of the arguments and submissions of the parties and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. Wells Fargo's request for attorneys fees is **GRANTED**.

2. The Court awards Wells Fargo attorneys fees and costs in the amount of $119,790.59, which shall be added to the $106,091.17 the Court previously determined should be awarded to Wells Fargo upon its counterclaim.

3. A final judgment in the amount of $225,881.76 shall be entered in favor of Wells Fargo.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 10, 2009         s/Donovan W. Frank
                               DONOVAN W. FRANK
                               United States District Judge


**MEMORANDUM**

Boone is indebted to Wells Fargo in the amount of $106,091.17 as a result of credit he received as a banking customer. In connection with the obligations he incurred, Boone agreed to pay Wells Fargo's costs of collection, including attorneys fees. Boone sued Wells Fargo under a variety of theories and Wells Fargo counterclaimed for the amount Boone owed. The Court previously granted summary judgment to Wells Fargo regarding all of Boone's claims as well as Wells Fargo's counterclaim. (Doc. No. 36.) In addition, Wells Fargo seeks its attorneys fees and costs of collection, in accordance with

its agreements with Boone. The total amount of attorneys fees and costs sought is $119,790.59.[1]

Boone does not contest that he owes Wells Fargo for his underlying obligations or for some amount of attorneys fees. Boone challenges Wells Fargo's request, however, contending that Wells Fargo should not recover attorneys fees and costs related to its defense of his claims against it. Both Minnesota courts and federal courts, however, have concluded that a successful creditor may recover attorneys fees and costs incurred in connection with defending against claims because such a defense is necessary to collect the amounts owed to the creditor. *Duryea v. Third Nw. Nat'l Bank of Minneapolis*, 606 F.2d 823, 826 (8th Cir. 1979) (holding that provision allowing creditor to recover attorneys fees and costs in connection with collection on a promissory note permitted recovery of fees and costs incurred in defense of challenge to note); *Potter v. Am. Bean & Grain Corp.*, 388 N.W.2d 22, 25 (Minn. Ct. App. 1986) (holding creditor was entitled to all reasonable fees and costs incurred in connection with collection of amounts due upon a promissory note, including an award for defending against counterclaim because such counterclaim, if successful, would have reduced the amount the creditor received under the note).

In this case, if Boone's claims had been successful, the amount Wells Fargo obtained upon Boone's various credit obligations would have been reduced. Therefore,

---

[1] This amount does not include charges for computerized legal research, which in this case amounted to $2,842.78. Computerized legal research is considered to be a component of an attorney's fees and cannot be awarded as a cost in addition to an award of fees. *Standley v. Chilhowee R-IV Sch. Dist.,* 5 F.3d 319, 325 (8th Cir. 1993).

Wells Fargo's attorneys fees and costs for defending against Boone's claims, as well as those incurred in connection with its counterclaim against Boone, fall within Boone's obligation to pay costs and attorneys fees incurred in connection with collection under the parties' agreements.

The Court also concludes that the attorneys fees and costs requested are reasonable. In calculating reasonable attorneys fees, the Court begins by calculating the "lodestar"-the product of the number of hours reasonably expended on the litigation and the reasonable hourly rate at which those hours should be billed. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). The reasonableness of a fee depends upon a number of factors, including "the [party's] overall success; the necessity and usefulness of the [party's] activity in the particular matter for which fees are requested; and the efficiency with which the [party's] attorneys conducted that activity." *Jenkins v. Missouri,* 127 F.3d 709, 718 (8th Cir. 1997).

In this case, Wells Fargo's attorneys spent 574.65 hours on this matter. (Aff. of Amy L. Schwarz ("Schwarz Aff.") ¶ 3.) The Court notes that this matter involved a lengthy summary judgment memorandum addressing all of Boone's claims, and taking and defending several depositions. The Court also notes that Wells Fargo's counsel was required to expend additional hours of time due to the actions of Boone and his counsel, namely their provision of inadequate discovery responses that necessitated proceedings before Magistrate Judge Arthur J. Boylan, and their refusal to provide information regarding checks they believed Wells Fargo wrongly dishonored, which required Wells Fargo's counsel to review all of the checks that passed through Boone's account and

create detailed charts regarding the treatment of those checks. Wells Fargo was successful in its defense and with regard to its counterclaim. Based on the record before it and in accordance with the factors identified above, the Court finds that the number of hours expended in this litigation were reasonable.

The Court also finds that the hourly rate charged by Wells Fargo's counsel was reasonable, based on the type of matter involved and the billing rates in this community. Wells Fargo was represented by three attorneys and a paralegal. The attorneys' billing rates ranged from $175 for a senior associate and $290 per hour for a partner, while the paralegal's rate was $130 per hour. These rates were discounted from the attorneys' normal billing rates. Richard T. Thomson's rate was reduced from $370 per hour to $270 per hour in 2007, and $290 per hour in 2008 and 2009. (Supplemental Aff. of Amy L. Schwarz ("Schwarz Supplemental Aff.") at ¶ 3.) Amy L. Schwarz's regular hourly rate is $210 per hour, but her rate for this matter was discounted to $175 per hour in 2007, and $175.50 per hour in 2008 and 2009. (*Id*. at ¶ 4.)

Boone agreed to pay Wells Fargo's attorneys fees and costs, which were greater due to Boone's claims against Wells Fargo. Though the Court does not take granting such an award lightly, given the circumstances of this case, the Court cannot conclude that an award of attorneys fees and costs in the amount requested is unreasonable.

D.W.F.